## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WENDY COBB,**<br>c/o Cornerstone Law Firm<br>8350 N. St. Clair Ave. #225<br>Kansas City, MO 64151<br><br>On behalf of herself and all others similarly<br>situated,<br><br>Plaintiff**,**<br><br>      v.<br><br>**EXAMINATION MANAGEMENT<br>SERVICES, INC.**<br>Registered Agent:<br>The Corporation Company, Inc.<br>112 SW 7th Street<br>Suite 3C<br>Topeka, KS 66603<br><br>Defendant. | Case No.: _____ |

## COMPLAINT

COMES NOW Plaintiff Wendy Cobb, on behalf of herself and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) *et seq.*

### Preliminary Statement

1. Plaintiff Wendy Cobb ("Plaintiff") is an employee of Defendant Examination Management Services, Inc. ("EMSI" or "Defendant").

2. Section 207 of the FLSA provides that "[n]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-

half times the regular rate at which he is employed."

3.  Determination of correct overtime compensation under the FLSA depends upon the "regular rate" at which the employee is employed, reduced to an hourly figure.

4.  Pursuant to 29 CFR § 778.115, where an employee in a single workweek works at two or more different types of work for which different rates of pay have been established by the employer, his "regular rate" of pay for that week is the *weighted average* of such rates. That is, his total earnings are computed to include his compensation during the workweek from all such rates and are then divided by the total number of hours worked at all jobs. *Id.*

5.  Plaintiff and other similarly situated employees work at two or more different types of work for which different rates of pay have been established by EMSI. These employees regularly work in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA.

6.  EMSI's pay practices, policies, and/or procedures are in direct violation of the FLSA, therefore, Plaintiff, on behalf of herself and all others similarly situated, seeks to recover unpaid straight time and overtime compensation for all working hours required, suffered, or permitted by EMSI in excess of forty hours in a workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## Parties and Jurisdiction

7.  Plaintiff is a citizen of the State of Missouri, currently residing in Platte City, Platte County, Missouri.

8.  EMSI is and was at all relevant times a foreign corporation organized under the laws of Nevada with its principal place of business located at 3050 Regent Blvd., Irving, Texas 75063.

9.  EMSI conducts substantial and continuous business in the state of Kansas.

10. EMSI operates a place of business at 8821 Long St., Lenexa, Kansas 66215.

11. This Court has original federal question subject matter jurisdiction under 28 U.S.C. § 1311.

12. This Court has personal jurisdiction over the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

14. At all relevant times, EMSI has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

15. At all relevant times, EMSI has employed "employee[s]," including the putative representative action Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

16. At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for EMSI, which has been and continues to be an enterprise engaged in commerce.

17. At all relevant times, EMSI has had gross annual operating revenues in excess of $500,000.00.

### General Fact Allegations

18. Plaintiff re-alleges the allegations set forth above.

19. EMSI provides nationwide health data collection services to businesses in the life sciences, insurance, transportation and legal industries.

20. Plaintiff is employed by EMSI as a "mobile" phlebotomist and works at job sites in both

Kansas and Missouri.

21. As a phlebotomist, Plaintiff's position does not require advanced knowledge or education of an advanced type of which is typically associated with a traditional learned profession.

22. Plaintiff's position only requires a high school diploma or equivalent.

23. Plaintiff is not a supervisor.

24. Plaintiff does not have the authority to hire or fire other employees.

25. EMSI does not require phlebotomists and those with similar jobs to have education beyond that of a high school degree.

26. On a daily and/or weekly basis, Plaintiff performs two or more different types of work for which different rates of pay have been established by EMSI.

27. Plaintiff regularly works more than forty hours per week.

28. Plaintiff's overtime rate varies depending upon which type of work she performs for each hour worked over forty.

29. EMSI uses the same or substantially the same practice to determine overtime rates for Plaintiff and all others who perform two or more different types of work for which different pay rates have been established.

30. Plaintiff and all others with compensation structures are not exempt from the right to receive overtime compensation under the FLSA because their primary job duties do not involve the performance of exempt duties.

31. Plaintiff and all others with similar compensation structures (hereinafter, "putative collective action plaintiffs") are similarly situated in that they:

    a.  Are required to perform work at varying hourly rates of pay as an integral and indispensable part of the principle activities of performing their job;

b. Are not required to have advanced education or training to perform their jobs;

c. Are non-management level employees;

d. Regularly work two or more different types of work for which different non-overtime rates of pay apply;

e. Regularly work in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of forty;

f. Receive overtime pay at varying rates of which are dependent upon the type of work performed for each hour worked over forty; and

g. Are subject to the same or substantially the same overtime calculation practices by EMSI.

32. The names and address of the putative collective action plaintiffs are available to Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including a form of notice) similar to those customarily used in representative and collective actions.

33. The number and identity of other putative collective action plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from EMSI's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

**COUNT I-
Violation of 29 U.S.C. § 207(a)
Failure to pay proper overtime compensation
Opt-in Collective Action**

34. Plaintiff re-alleges the allegations set forth above.

35. For hours worked each week in excess of forty, EMSI has failed and continues to fail to pay Plaintiff and the putative collective action plaintiffs not less than one and one-half

times the "regular rate" at which they were and are employed.

36. The way EMSI calculates overtime pay does not comport with the requirements of the FLSA and corresponding regulations, including 29 CFR § 778.115.

37. In calculating overtime pay, EMSI does not consider the weighted average of the regular rate worked by Plaintiff and the putative collective action plaintiffs in each week. In this way, EMSI has violated, and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. § 207(a)(1).

38. EMSI knew its payroll policies, practices, and procedures were in violation of the FLSA or EMSI showed reckless disregard with respect to whether such policies, practices, and procedures were in violation of the FLSA.

39. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff and the putative collective action plaintiffs are entitled to injunctive and monetary relief including respective unpaid overtime compensation owed to them, liquidated damages, attorneys' fees, costs, and pre and post judgment interest as allowed by law.

WHEREFORE Plaintiff, on behalf of herself and all proposed putative collective action plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed class member and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action buy filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the

putative collective action plaintiffs;

c.  Designation of Plaintiff's attorneys as class counsel;

d.  Equitable tolling as to the limitation period applicable to the claims alleged herein;

e.  An award of damages for unpaid overtime compensation due to Plaintiff and putative collective action plaintiffs;

f.  Liquidated damages;

g.  Pre-Judgment and Post-Judgment Interest as provided by law;

h.  Plaintiff's costs and expenses of this action incurred herein including expert fees;

i.  Reasonable attorneys' fees; and

j.  Any and all such other and further relief as this Court deems necessary, just and proper.

**<u>DEMAND FOR BENCH TRIAL & DESIGNATION OF PLACE OF TRIAL</u>**

Plaintiff requests a bench trial for all claims alleged in this Complaint and hereby designates Kansas City, Kansas, as the location of trial.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:     /s/Marc N. Middleton
        Marc N. Middleton    Kan. #24458
        m.middleton@cornerstonefirm.com
        Megan Lowe Stiles    D.Kan  #78642
        m.stiles@cornerstonefirm.com
        8350 N. St. Clair Ave. Ste 225
        Kansas City, Missouri 64151
        Telephone            (816) 581-4040
        Facsimile            (816) 741-8889
        ATTORNEYS FOR PLAINTIFF